## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**Michael Steward and Brian Corcoran,**
individually and on behalf of all others
similarly situated,

Plaintiffs

-vs-

**ABX Air, Inc.,** *et al.*

Defendants

Case No: 1: 08 CV 904

Judge Michael R. Barrett

---

### FINAL ORDER APPROVING CLASS ACTION SETTLEMENT INCLUDING
### COMBINED FINDINGS OF FACT AND CONCLUSIONS OF LAW

On June 24, 2013, the Named Plaintiffs, as Class representatives filed an Unopposed Motion to Certify the Settlement Class and Grant Final Approval to Class Action Settlement ("Motion for Final Approval") (Doc. 86) and a Motion for Award of Costs and Attorneys' Fees. (Doc. 85). No party opposes the Motions made pursuant to Federal Rules of Civil Procedure 23(e).

On July 9, 2013, the undersigned held a final settlement approval hearing and considered the pending motion. Appearing at the hearing on behalf of the Named Plaintiffs and the Settlement Class were John T. Murray and Michael J. Stewart of the law firm Murray and Murray, Co. L.P.A. ("Class Counsel"), appearing on behalf of Defendants ABX Air, Inc., Joseph C. Hete, Gene Rhodes and Priscilla Poynter, Executrix of the Estate of Tom Poynter, were Daniel J. Buckley and Whitney Gibson of the law firm of Vorys, Sater, Seymour and Pease LLP, and appearing on behalf of the Defendant Douglas H. Steele was James P. Tyack of Tyack, Blackmore, Liston & Nigh Co., L.P.A.

The Motion for Final Approval requests (a) certification of the class for settlement purposes only; (b) final approval of the Proposed Settlement preliminarily approved by this Court on February 15, 2013, and memorialized in the Settlement Agreement; and (c) dismissal with prejudice of the Named Plaintiffs' and Settlement Class Members' claims against Defendants ABX Air, Inc., Joseph C. Hete, Gene Rhodes, Priscilla Poynter, Executrix of the Estate of Tom Poynter, and Douglas H. Steele (collectively, "Defendants"). Class Counsel's Motion for An Award of Costs and Attorneys' Fees requests that this Court award attorneys' fees and reimbursement of expenses in connection with this Action as well as an incentive award to the Named Plaintiffs.

In connection with the Motion for Final Approval, the undersigned considered said pleadings, all exhibits and affidavits thereto, Plaintiffs' Brief in Support of Motion for Final

Approval of Settlement Agreement, all exhibits and attachments thereto, and argument of counsel.  The undersigned finds as follows:

A.     Named Plaintiffs Michael Steward and Brian Corcoran and Defendants ABX Air, Inc., Joseph C. Hete, Douglas H. Steele, Gene Rhodes, and Priscilla Poynter, Executrix of the Estate of Tom Poynter,  through their respective counsel, executed and filed a Settlement Agreement with the Court on February 14, 2013 (Doc. 78-1); and

B.     The Settlement Agreement is hereby incorporated by reference in this Order and all terms defined in the Settlement Agreement will have the same meanings in this Order; and

C.     On February 15, 2013, this Court entered the Order Preliminarily Approving Class Settlement ("Preliminary Approval Order"), preliminarily approving the Settlement Agreement, conditionally certifying, for settlement purposes only, this Action as a class action, and scheduling a hearing for July 9, 2013 at 2:00 PM ("Final Settlement Approval Hearing") (a) to determine with finality whether certification of the class for settlement purposes is appropriate; (b) to determine whether the Proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be finally approved by the Court; (c) to determine whether a final judgment should be entered herein; (d) to consider Class Counsel's Motion for an Award of Costs and Attorneys' Fees; and (e) to determine whether the Named Plaintiffs are entitled to an incentive payment.

D.     The Claim Form and Individual Notice were mailed by the Claims Administrator by first class mail, postage prepaid, on or about February 26, 2013 (the "Notice Date") to all potential Settlement Class Members whose names were ascertained by ABX Air, Inc. through a search of its reasonably available electronic data at their last known address with address updating and verification where reasonably available, that an Internet website was established on which the Settlement Agreement and Individual Notice were posted on or before the Notice Date; and

E.     The parties have satisfactorily demonstrated that such Claim Form and Individual Notice was mailed and that the website and toll-free telephone number were established in accordance with the terms of the Preliminary Approval Order; and

F.     In accordance with the date set forth in the Individual Notice and Settlement Agreement, the Final Settlement Approval Hearing was duly held before this Court on July 9, 2013; and

G.     At the Final Settlement Approval Hearing, the Court considered (a) whether certification for settlement purposes only was appropriate under Federal Rule of Civil Procedure 23; (b) the fairness, reasonableness and the adequacy of the Settlement Agreement; (c) the fairness and reasonableness of Class Counsel's application for attorneys' fees and expenses under applicable law; and (d) the entitlement of the Named Plaintiffs to incentive payments; and

H. At the Final Settlement Approval Hearing, this Court independently evaluated the fairness, reasonableness, and adequacy of the Settlement Agreement, Class Counsel's Motion for an Award of Costs and Attorneys' Fees, and the incentive award to the Named Plaintiffs as Class Representatives by considering not only the pleadings and arguments of Plaintiffs, Class Counsel, and Defendants, but also by rigorously and independently evaluating the Settlement Agreement and Class Counsel's Application for Fees and Expenses and the incentive award to the Class Representatives; and

I. By performing this independent analysis of the Motion for Final Approval and Class Counsel's Motion for an Award of Costs and Attorneys' Fees and the incentive award to the Named Plaintiffs as Class Representatives, the Court has considered and protected the interests of all absent Settlement Class Members under Federal Rule of Civil Procedure 23; and

J. The Individual Notice advised Settlement Class Members of the method by which a Settlement Class Member could request exclusion from the Settlement and pursue an independent legal remedy against ABX Air, Inc. and/or the Released Parties; and

K. All Settlement Class Members had the absolute right to opt out and pursue an individual lawsuit against  ABX Air, Inc. and/or the Released Parties; and

L. Any Settlement Class Member who failed to request exclusion under the terms of the Individual Notice voluntarily waived the right to pursue an independent remedy against ABX Air, Inc. and/or the Released Parties; and

M. The Individual Notice advised Settlement Class Members of the method by which a Settlement Class Member could file proper and valid objections and request to be heard at the Final Settlement Approval Hearing; and

N. No potential Settlement Class Member filed a valid objection, and/or appeared and requested to be heard at the Final Settlement Approval Hearing;

NOW, THEREFORE, the Court, having read and considered all submissions made in connection with the Unopposed Motion for Final Approval and Class Counsel's Motion for an Award of Costs and Attorneys' Fees, and having reviewed and considered the files and records herein, and all other evidence submitted, so FINDS:

1. The definitions and terms set forth in the Settlement Agreement are hereby adopted and incorporated into this Order.

2. The Court has jurisdiction over the subject matter of this Action, the Parties, and Settlement Class Members.

3. On or about June 24, 2013 Plaintiffs applied, unopposed, to the Court for final approval of the terms of the Proposed Settlement Agreement and for the entry of this Final Order and Judgment.  In support of that application, Plaintiffs submitted, among other things, evidence concerning the dissemination and adequacy of Class Notice, evidence regarding the names of potential Settlement Class Members who have submitted requests for exclusion from

the Settlement Class, evidence regarding the fairness, reasonableness, and adequacy of the substantive terms of the Settlement Agreement, and evidence regarding the fairness, reasonableness and adequacy of Class Counsel's Motion for an Award of Costs and Attorneys' Fees and the Incentive Payments to Named Plaintiffs.  In support of the unopposed Motion for Final Approval, Plaintiffs submitted a Brief in Support of Motion for Final Approval, setting forth extensive argument and authority.

4.　　Plaintiffs offered into evidence the following: the Settlement Agreement and all Exhibits thereto, and the Affidavits of John T. Murray, Michael P. Foley, Phillip Ciano, Michael J. Stewart, and Amanda J. Runion as support of Class Counsels' Motion for an Award of Costs and Attorneys' Fees.  The Court admitted such Exhibits into evidence for all purposes.

5.　　As part of its Preliminary Approval Order, the Court certified for settlement purposes a Settlement Class defined as follows:

> All natural persons who were ever employed by ABX at ABX's Wilmington, Ohio facility in a position in which they were paid per hour (as opposed to a salary) at any time from December 13, 1999 until February 13, 2005.

6.　　The Court hereby affirms this definition of the Settlement Class for purposes of this Final Order and Judgment and certifies this action, for settlement purposes only, as a class action.  In so doing, the Court finds, for settlement purposes only, that the action meets all the requirements of Rule 23 of the Federal Rules Civil Procedure and due process and can therefore be certified as a class action, because: (1) the Settlement Class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact that are common to the Settlement Class and predominate over any individual questions; (3) the claims of the representative Plaintiffs are typical of the claims of the Settlement Class; (4) the Named Plaintiffs, Michael Steward and Brian Corcoran, as class representatives, and Class Counsel, John T. Murray, Michael J. Steward, and Douglas Knisley, of the law firms Murray and Murray, Co. L.P.A. and The Knisley Law Firm will fairly and adequately protect the interests of the Settlement Class; (5) the common issues predominate; and (6) a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy.

7.　　The Named Plaintiffs, on behalf of the class, and the Defendants have entered into the Settlement Agreement, which has been filed with the Court (Doc. 78-1) and is incorporated herein by reference.  The Settlement Agreement provides for the settlement of this action on behalf of the representative Plaintiffs and the members of the Settlement Class, subject to final approval by the Court.  The Settlement Agreement provides that, in exchange for the releases described in the Settlement Agreement and this Final Order and Judgment, Defendants shall provide a total Settlement Consideration consisting of $1,000,000.00.  Named Plaintiffs and Class Counsel will be responsible for properly distributing the consideration to the class members that so qualify for a payout under the terms of the Settlement Agreement.

8.　　Based on the Court's review of the evidence admitted and argument of counsel, the Court finds and concludes that the Individual Notice by mail and the posting of the Settlement Agreement and the Individual Notice on a website was the best notice practicable under the circumstances to all members of the Settlement Class.  Accordingly, the Individual

Notice by mail and the posting of the Settlement Agreement and the Individual Notice on a website are finally approved as fair, reasonable, and adequate. The Court finds and concludes that due and adequate notice of the pendency of this action and of the Settlement Agreement has been provided to members of the Settlement Class, and the Court further finds and concludes that the notice program described in the Preliminary Approval Order and completed by the parties complied fully with the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process under the United States Constitution.

9. The evidence before the Court clearly supports a finding that the Settlement Agreement was entered into in good faith between Named Plaintiffs Michael Steward and Brian Corcoran, on behalf of the class, and Defendants ABX Air, Inc, Joseph C. Hete, Douglas H. Steele, Gene Rhodes, and Priscilla Poynter, Executrix of the Estate of Tom Poynter.

10. The Court finds that the Settlement Agreement is the result of a good-faith arm's length negotiation by the parties hereto. In addition, the Court finds that approval of the Settlement Agreement and the Proposed Settlement embodied therein will result in substantial savings in time and resources to the Court and the litigants and will further the interests of justice. Further, the Court finds that the Settlement Agreement is within the range of possible settlements suitable for final approval as fair, just, equitable, reasonable and in the best interest of the Settlement Class based on discovery, due diligence, and the absence of material objections.

11. The settlement of the action on the terms and conditions set forth in the Settlement Agreement is approved and confirmed in all respects as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23, and is in the best interest of the Settlement Class and Settlement Class Members, especially in light of the benefits to the Settlement Class and the costs and risks associated with the complex proceedings necessary to achieve a favorable result through pre-trial proceedings, class certification proceedings, trial, and appeals.

12. The Court finds that Class Counsel John T. Murray, Michael J. Steward, and Douglas Knisley, of the law firms Murray and Murray, Co. L.P.A. and The Knisley Law Firm, have fairly and adequately represented the interests of the Settlement Class and satisfied the requirements of Federal Rule of Civil Procedure 23.

13. Timely requests for exclusion were submitted by eleven (11) potential members of the Settlement Class and those potential Settlement Class Members (identified in Exhibit 1 hereto) are excluded from the Settlement Class. All other potential members of the Settlement Class are adjudged to be members of the Settlement Class and are bound by this Final Order and Judgment and by the Settlement Agreement embodied therein, including the releases provided for in the Settlement Agreement and this Final Order and Judgment.

14. All provisions and terms of the Settlement Agreement are hereby finally approved in all respects. The parties to the Settlement Agreement are hereby directed to consummate the Settlement Agreement in accordance with its terms.

15. This action is dismissed in its entirety on the merits, with prejudice and without leave to amend, and all members of the Settlement Class are forever barred and permanently

enjoined from starting, continuing, or participating in, litigating or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative or regulatory proceeding or order based on the Released Claims against the Released Parties, as provided for more specifically in Paragraph 57 of the Settlement Agreement.

16.     The Court adopts Class Counsel's Application for attorneys' fees and expenses to support the Court's award of $300,000.00 for attorneys' fees and $200,000.00 in expenses, for a total of $ 500,000.00.  The Court also approves an incentive award to Named Plaintiffs, Michael Steward and Brian Corcoran, in an amount of $5,000.00 to each Named Plaintiffs, in addition to their Settlement Distribution Payment. These awards should be distributed by the Plaintiffs, as class administrators, from Defendants' one-time payment of $1,000,000.00 to the Qualified Settlement Fund.

17.     As soon as reasonably possible after the completion of all payments to Settlement Class Members eligible for payment pursuant to the Settlement Agreement, the parties shall file with the Court a final report indicating that distribution in accordance with the terms of the Settlement Agreement and the Court's prior Orders has been completed.

18.     The Court shall have exclusive jurisdiction and authority to administer, interpret, and enforce the terms of the Settlement Agreement, and to consider, rule upon, and issue a final order with respect to suits, whether judicial, administrative, or otherwise, which may be instituted by any Person, individually or derivatively, with respect to the Settlement Agreement. Each Settlement Class Member who has not opted-out of the Settlement Agreement shall submit to the exclusive jurisdiction and venue of the United States District Court for the Southern District of Ohio, Western Division for any suit, action, proceeding, case, controversy, or dispute relating to the Settlement Agreement and/or the negotiation, performance or breach of the Settlement Agreement.

19.     Without in any way affecting the finality of this Final Order and Judgment, this Court shall retain continuing jurisdiction over this Action for purposes of:

(a)     Enforcing the Settlement Agreement and the Proposed Settlement;

(b)     Hearing and determining any application by any party to the Settlement Agreement for a settlement bar order; and

(c)     Any other matters related or ancillary to any of the foregoing.

For the reasons explained herein, IT IS HEREBY ORDERED that Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement (Doc. 86) and Motion for Award of Costs and Attorneys' Fees (Doc. 85) be GRANTED, and that this case be closed.

Dated: July 10, 2013

s/ Michael R. Barrett
Michael R. Barrett
United States District Judge